DLM

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Gregory Dennis, A 41 468 793,<br>Petitioner<br>v.<br>Wayne Salisbury, Warden, Donald Wyatt Detention Facility; Michael Chertoff, Secretary of Dep't of Homeland Sec.; Michael Mukasey, Attorney General; Julie Myers, Immigration and Customs Enforcement ("ICE") Assistant Secretary; Bruce Chadbourne, District Director, ICE; George Sullivan, Officer in Charge, Detention and Removal Operations, Hartford ICE,<br>Respondents | Case No.<br>~~July~~ __, 2008<br>Aug.<br>CA 08 299S |

## PETITION FOR WRIT OF HABEAS CORPUS

## INTRODUCTION

The petitioner Gregory Dennis hereby petitions this Court for a writ of habeas corpus to secure release from unlawful detention by the Department of Homeland Security ("DHS") Immigrations and Customs Enforcement ("ICE"). The petitioner is currently detained at the Donald Wyatt Detention Facility in Central Falls, Rhode Island under the authority of DHS. The petitioner is a long-time lawful permanent resident of the United States.

The petitioner was charged with removal from the United States under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony. The petitioner's immigration proceedings were held at the Hartford, Connecticut Immigration Court. On May 9, 2008 an Immigration Judge ("IJ") ruled that the petitioner's convictions are not aggravated felonies and terminated his removal proceedings.

After the IJ terminated the petitioner's removal proceedings, the petitioner moved for a bond hearing. On May 16, 2008, the same IJ concluded that the petitioner is not eligible for bond and subject to mandatory detention under 8 U.S.C. § 1226(c) because his convictions do constitute aggravated felonies.

The IJ's decision finding the petitioner ineligible for release from custody and subject to mandatory detention is based on an erroneous interpretation of law and must be overturned. The BIA stated in *Matter of Joseph*, 22 I&N Dec. 799, 803 (BIA 1999), "the Immigration Judge would have authority to redetermine custody conditions if the respondent is not removable as an aggravated felon." Because the IJ found in the petitioner's merits proceedings that his convictions are not aggravated felonies, the petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c) and is eligible for release from custody.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this court by 28 U.S.C. § 2241. *See INS v. St. Cyr*, 533 U.S. 289, 298-314 (2001). Jurisdiction is also conferred by 28 U.S.C. § 1331; Art. I, § 9,Cl. 2, the Suspension Clause of the U.S. Constitution; and the common law.

2. Venue lies with the U.S. District Court for the District of Rhode Island because DHS is detaining the petitioner in Rhode Island. *See Padilla v. Rumsfeld*, 542 U.S. 426 (2004).

3. Art. I, 9, cl.2 of the Constitution states, "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion of Invasion the public Safety may require it."

4. Although Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, stripped federal courts of the authority to review final orders of removal through habeas petitions, it did not strip federal courts of jurisdiction to consider habeas corpus petitions solely challenging the detention of an alien. *See Ishak v. Gonzales*, 422 F.3d 22, 29 n.5 (1st Cir. 2005) ("The Real ID Act does not preclude, however, district court habeas review over challenges to detention that are independent of challenges to removal orders.").

5. Because the instant petition solely challenges the petitioner's physical custody, and not any aspect of his removal proceedings, it is not subject to the habeas stripping provisions of the REAL ID Act.

6. The Supreme Court made it clear in *Demore v. Kim*, 538 U.S. 510, 516-517 (2003) that 8 U.S.C. § 1226(e) does not strip federal courts of habeas corpus jurisdiction concerning legal challenges to detention under 8 U.S.C. § 1226(c).

7. The claims being made in the instant petition are not covered by the jurisdiction stripping provisions of 8 U.S.C. § 1226(e) because the petitioner is not challenging a discretionary decision of the Attorney General denying him bail – he is challenging an IJ's finding that he is not legally eligible for bond.

## EXHAUSTION

8. The Immigration and Nationality Act ("INA") does not mandate administrative exhaustion of claims that an alien is being detained unlawfully – it only requires exhaustion of claims relating to orders of removal. *See* 8 U.S.C. § 1252(d)(1); *Hermanowski v. Farquharson*, 39 F. Supp. 2d 148, 154 (D.R.I. 1999) (INA does not require administrative exhaustion relating to detention claims); *Fernandes v. INS*, 79 F.

Supp. 2d 44, 46 (D.R.I. 1999) (same); *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (same); *see also Darby v. Cisneros*, 509 U.S. 137 (1993).

9. Immediate action by this Court is necessary to eliminate the irreparable harm that the petitioner would suffer from any further unlawful detention.

## PARTIES

10. The petitioner Gregory Dennis is a native and citizen of Jamaica who is a lawful permanent resident of the United States. The petitioner is detained at the Donald Wyatt Detention Facility in Central Falls Rhode Island under the authority of the respondents.

11. Wayne Salisbury is the Warden of the Donald Wyatt Detention Facility. Mr. Salisbury is the Warden of the facility where the petitioner is detained.

12. Michael Chertoff is the Secretary of the Department of Homeland Security ("DHS"). DHS is charged with administering US immigration laws.

13. Michael Mukasey is the Attorney General of the United States.

14. Julie Myers is the Assistant Secretary of Immigration and Customs Enforcement ("ICE"). ICE is an agency within DHS charged with the detention and removal of non-citizens who have violated US immigration law.

15. Bruce Chadbourne is the District Director for the Boston District of Immigration and Customs Enforcement ("ICE"). The Hartford, Connecticut sub-office of ICE falls within the territorial jurisdiction of the Boston District Office.

16. George Sullivan is the Officer in Charge of the Detention and Removal Operations Hartford, Connecticut ICE office. The Hartford, Connecticut ICE office has day-to-day control over the petitioner's immigration case.

## FACTS

17. The petitioner is a twenty-one year old native and citizen of Jamaica.

18. The petitioner has been a lawful permanent resident of the United States since the age of two.

19. The petitioner was convicted of burglary in the first degree under Conn. Gen. Stat. § 53a-101 and assault in the second degree under Conn. Gen. Stat. § 53a-60 on August 3, 2004.

20. The petitioner was convicted after pleading guilty under the *Alford* doctrine.

21. The petitioner was sentenced to ten years of incarceration, execution suspended after four years, and three years probation on the burglary charge.

22. The petitioner was sentenced to four years of incarceration on the assault charge.

23. On March 10, 2008, the petitioner was served with a Notice to Appear ("NTA") by the Department of Homeland Security ("DHS") alleging that he is removable from the United States on account of his burglary conviction. The NTA alleges that the burglary conviction is an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(G), making him removable under 8 U.S.C. § 1227(a)(3)(A)(iii).

24. On March 28, 2008, the petitioner was served with a Form I-261 Additional Charges of Inadmissibility/Deportability alleging that his assault conviction is an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(F), making him removable under 8 U.S.C. § 1227(a)(3)(iii).

25. The petitioner had several hearings at the Immigration Court in Hartford, Connecticut in March, April, and May of 2008. During his removal proceedings, the petitioner was detained by DHS at the Donald Wyatt Detention Facility in Central Falls,

Rhode Island. The petitioner participated in the hearing through a tele-video link between the detention facility and the Immigration Court.

26. The petitioner, through counsel, moved to terminate his removal proceedings. The petitioner argued that under the categorical approach used to analyze issues of removability, his burglary and assault convictions are not aggravated felonies. *See e.g. Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004) (discussing the categorical approach to issues of removability, which focuses on the elements of the criminal statute at issue, not the conduct underlying the offense).

27. On May 9, 2008, the Immigration Judge ("IJ") granted the petitioner's motion and terminated his removal proceedings. The IJ held that DHS had failed to demonstrate that the petitioner was removable as an aggravated felon.

28. DHS reserved the right to file an appeal of the IJ's decision. DHS filed an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA") on May 22, 2008. That appeal remains pending.

29. After the IJ granted the petitioner's motion to terminate, the petitioner moved the IJ for a bond hearing. The petitioner argued that because his convictions are not aggravated felonies, he is not subject to mandatory detention under 8 U.S.C. § 1226(c) and is eligible for release from custody. *See Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999).

30. On May 16, 2008, the same IJ denied the petitioner's request for release from custody. The IJ held that the petitioner is not eligible for release from custody under 8 U.S.C. § 1226(c) because his convictions are aggravated felonies. The IJ held that the petitioner is covered by the mandatory detention provision of 8 U.S.C. § 1226(c) because

DHS filed an appeal of his decision terminating proceedings and might be able to prevail in its appeal.

31. On May 30, 2008 the petitioner filed an appeal of the IJ's bond decision with the BIA. That appeal remains pending.

## IRREPARABLE HARM

32. Petitioner is currently in detention. Petitioner is being deprived of his right to be free from unlawful restraint. Petitioner can never recover the time lost while he is in custody.

## STATEMENT OF CLAIM FOR WRIT OF HABEAS CORPUS

33. The Immigration Judge ("IJ") erred in finding that the petitioner is ineligible for release from custody and subject to mandatory detention under 8 U.S.C. § 1226(c) on account of having been convicted of an aggravated felony. Before ruling on the petitioner's request for bond, the same IJ had already issued a final ruling in the petitioner's removal proceedings finding that his convictions are not aggravated felonies. The IJ's inexplicable departure from his prior ruling deviated from binding precedent regarding detention issues, undermined the existing regulatory structure concerning how the government can challenge the release of an alien while appealing a decision terminating removal proceedings, and violated the law of the case.

34. 8 U.S.C. § 1226(c) states that, "The Attorney General shall take into custody any alien who" meets certain specified criteria including, *inter alia*, being removable from the U.S. on the basis of an aggravated felony conviction.

35. 8 C.F.R. § 1003.19(h)(2)(ii) states that an IJ has jurisdiction to determine if an alien charged with removal on the basis of being convicted of an aggravated felony is properly categorized as an aggravated felon.

36. In *Matter of Joseph*, 22 I&N Dec. 799, 803 (BIA 1999) the Board of Immigration Appeals ("BIA") held that even if an alien is charged with removal as an aggravated felon by the Department of Homeland Security ("DHS"), "the Immigration Judge would have authority to redetermine custody conditions if the respondent is not removable as an aggravated felon."

37. The BIA stated that if an IJ rules on the issue of bond before ruling on the merits of an aggravated felony charge of removal, he must hypothesize about whether DHS is substantially likely to be able to prove the charge of removal at the final hearing on the merits of the charges. *See Joseph*, 22 I&N Dec. at 800.

38. In the case at bar, the IJ improperly applied the "substantially unlikely" language used in *Joseph*. The BIA made it clear in *Joseph* that an IJ should only hypothesize about DHS's ability to prove an aggravated felony charge of removal if he rules on the issue bond before ruling on the merits of an aggravated felony charge of removal. Because the IJ ruled on the petitioner's request for bond after he had already ruled that the petitioner's convictions are not aggravated felonies in his removal proceedings, the substantially likely language of *Joseph* was simply inapplicable.

39. The IJ's finding that the petitioner is ineligible for release on bond simply because DHS has some chance of winning its appeal with the BIA is erroneous. The BIA stated in *Joseph*, "The mere fact that the Service has appealed in the underlying removal case, and in theory could prevail, cannot be sufficient, by itself, to require reversal of the [decision

of the] Immigration Judge [granting bond] in this bond appeal." *Joseph*, 22 I&N Dec. at 805. The BIA thus made it clear that it is improper to find that an alien is ineligible for bond simply because DHS has filed an appeal and has some theoretical chance of success.

40. Importantly, the Immigration Court is not the proper forum for a determination of the likelihood of success on appeal by DHS and the need to stay the petitioner's release on bond while DHS's appeal is pending. The regulations outline a procedure whereby DHS can request a stay of a bond decision with the BIA based on its chance of success on the merits of its appeal regarding the charges of removal. *See* 8 C.F.R. § 1003.6.

41. If DHS wants to challenge the petitioner's release from custody while its appeal is pending, it should be required to utilize the procedures created by the regulations. The IJ's decision in the case at bar unfairly subverts existing procedures regarding bond while an appeal of a decision regarding removal charges remains pending.

42. In addition to violating *Joseph* and subverting the existing regulatory structure, the IJ's decision in the petitioner's bond proceedings violates the law of the case doctrine. *See* OPPM 0-02, Changes of Venue, Creppy, Chief IJ (Oct. 9, 2001), *reprinted in* 79 No. 3 *Interpreter Releases* 66, 84-88 (Jan. 14, 2002) (holding that the law of the case doctrine applies in Immigration Court); *see also Zhang v. Gonzales,* 434 F.3d 993, 997-998 (7th Cir. 2006); *Enwonwu v. Gonzales*, 232 Fed. Appx. 11, 13-14, Docket No. 06-2457 (1st Cir. 2007 (unreported); *Ankrah v. Gonzales*, 2007 WL 2388743 at *7, Docket No. 3:06cv554 (D. Conn. 2007).

43. Once the IJ ruled in the petitioner's removal proceedings that his convictions are not aggravated felonies, he was constrained to rule in his bond proceedings that his convictions do not meet the criteria of what constitutes an aggravated felony as well.

## PRAYER FOR RELIEF

WHEREFORE, Gregory Dennis respectfully prays that this Court:

1. Issue a Writ of Habeas Corpus, directed to the respondents, ordering them to show cause why the petitioner should not be released from custody.

2. Give expedited consideration to his request due to the nature of his request and his unlawful detention.

3. Grant attorneys fees and costs.

4. Grant such other and further relief as this Court deems proper under the circumstances.

Respectfully submitted on behalf of
petitioner, Gregory Dennis, by

Richard K Corley

Richard K. Corley, his attorney
Federal bar 2965
Corley Taveras, LLP
127 Dorrance Street, 2nd Fl
Providence, RI 02903
(401) 861-2100, fax (401) 861-2139
rkcorley@ctpllp.com

Justin Conlon, his attorney *pro hac vice*
Federal bar ct26187
Law Offices of Michael Boyle
250 State Street, Unit C2
P.O. Box 335
North Haven, CT 06473
(203) 239-2299, fax (203) 985-8207
jconlon@immigrantcenter.com

## VERIFICATION OF COMPLAINT

I, Richard Corley, state under penalty of perjury that I am the attorney for the petitioner in the foregoing petition, and declare the facts alleged here are true, except those made on information and belief, which I believe to be true. The source of my information and belief is the petitioner's principal attorney Justin Conlon. His source of information is the records provided by the petitioner regarding his removal proceedings, speaking with the petitioner, documents sent by DHS, the record of proceedings in the petitioner's immigration court case.

Providence, RI
~~July~~ __, 2008
Aug 4th

Richard Corley
Attorney

North Haven, CT
July 31, 2008

Justin Conlon ct26187
Attorney

## CERTIFICATE OF SERVICE

I hereby certify that upon return of stamped copies from the Court, a copy of the foregoing will served by first class mail, postage pre-paid on ~~July~~ Aug 4th __, 2008 to:

Office of the U.S. Attorney,
50 Kennedy Plaza, 8th Floor
Providence, RI 02903;

Michael Mukasey, Attorney General
Department of Justice
10th and Constitution, NW
Washington, D.C. 20530;

Julie Myers, Assistant Secretary,
Department of Homeland Security
Immigration and Customs Enforcement
Washington, D.C. 20528

Bruce Chadbourne, District Director;
Department of Homeland Security
Immigration and Customs Enforcement
JFK Federal Building
Boston, MA 02203; and

George Sullivan, Officer in Charge
Immigration and Customs Enforcement
Detention and Removal Operations
450 Main Street, Room 509
Hartford, CT 06103;

Wayne Salisbury, Warden
Donald Wyatt Detention Facility
950 High Street
Central Falls, RI 02863.

Richard Corley