# UNITED STATES DISTRICT COURT

# DISTRICT OF RHODE ISLAND

RECEIVED

AUG 04 2008

Property of U.S. District Court
District of Rhode Island

| | |
|---|---|
| Gregory Dennis, A 41 468 793,<br>Petitioner<br>v.<br>Wayne Salisbury, Warden, Donald Wyatt Detention Facility; Michael Chertoff, Secretary of Dep't of Homeland Sec.; Michael Mukasey, Attorney General; Julie Myers, Immigration and Customs Enforcement ("ICE") Assistant Secretary; Bruce Chadbourne, District Director, ICE; George Sullivan, Officer in Charge, Detention and Removal Operations, Hartford ICE,<br>Respondents | No.<br><br>~~July~~ Aug __, 2008<br><br>CA 08-299S |

## EXHIBITS IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

Exhibit 1 – Decision of the Immigration Judge in removal proceedings, 5/9/08

Exhibit 2 – Decision of the Immigration Judge in bond proceedings, 5/16/08

Respectfully submitted on behalf of petitioner
Gregory Dennis, by

Richard K. Corley, his attorney
Federal bar 2565
Corley Taveras, LLP
127 Dorrance Street, 2nd Fl
Providence, RI 02903
(401) 861-2100, fax (401) 861-2139
rkcorley@ctpllp.com

Justin Conlon, his attorney *pro hac vice*
Federal bar ct26187
Law Offices of Michael Boyle
250 State Street, Unit C2
P.O. Box 335
North Haven, CT 06473
203 239-2299, fax 203 985-8207
jconlon@immigrantcenter.com

**THE UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**HARTFORD, CONNECTICUT**

**IN THE MATTER OF:**

| | | |
|---|---|---|
| | ) | **DETAINED** |
| **Gregory Matthew DENNIS** | ) | |
| **A 41 468 793** | ) | |
| | ) | |
| **Respondent** | ) | **In Removal Proceedings** |
| | ) | |

**CHARGE:** Immigration and Nationality Act (INA) § 237(a)(2)(A)(iii): An individual who, at any time after admission, has been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act, a law relating to a theft offense or burglary offense for which the term of imprisonment imposed is at least one year;

INA § 237(a)(2)(A)(iii): An individual who, at any time after admission, has been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act, a crime of violence for which the term of imprisonment is at least one year.

**APPLICATIONS:** Motion to Terminate

**ON BEHALF OF RESPONDENT**
Justin Conlon, Esq.
Law Offices of Michael Boyle
250 State Street, Unit C2
P.O. Box 335
New Haven, CT 06473

**ON BEHALF OF DHS**
Office of the Chief Counsel
Assistant Chief Counsel
450 Main Street, Room 483
Hartford, CT 06103

**ORDER OF THE IMMIGRATION JUDGE**

**I. Procedural History**

The Department of Homeland Security (DHS) served the Respondent, Gregory Matthew Dennis, with Notice to Appear (NTA) on March 10, 2008. The NTA alleges: 1) that the Respondent is not a citizen or national of the United States; 2) that he is a native and citizen of Jamaica; 3) that he was admitted to the United States at New York, New York, on or about February 28, 1989, as an immigrant; 4) that on August 3, 2004, he was convicted in the State of Connecticut Superior Court in Waterbury, Connecticut, for the offense of Burglary in first degree in violation of Connecticut

General Statutes 53a-101; and 5) that he was sentenced to ten years in a House of Corrections. Exhibit 1. The NTA consequently charged the Respondent with removability pursuant to § 237(a)(2)(A)(iii), as an individual who, at any time after admission, has been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act, a law relating to a theft offense or burglary offense for which the term of imprisonment imposed is at least one year. Id.

On March 28, 2008, the Respondent filed pleadings, admitting factual allegations one through three, but denied factual allegations four and five, as well as the charge of removability. Exhibit 2. DHS subsequently filed Additional Charges of Inadmissiblity/Deportability, Form I-261, alleging that the Respondent was convicted on August 3, 2004, in the State of Connecticut Superior Court, at Waterbury Connecticut, for the offense of Assault in the second degree, in violation of Connecticut General Statutes Section 53A-60; and that he was sentenced to a term of imprisonment of four years. Exhibit 1A. The I-261 consequently charged the Respondent with removability pursuant to INA § 237(a)(2)(A)(iii), as an individual who, at any time after admission, has been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act, a crime of violence for which the term of imprisonment is at least one year. Id.

## II. RESPONDENT'S MOTION TO TERMINATE

On April 9, 2008, the Respondent, through counsel, filed a Motion to Terminate removal proceedings. In his Motion the Respondent argues that neither his conviction for burglary in the first degree nor his conviction for assault in the second degree constitutes an aggravated felony. Specifically, he points out that although Connecticut General Statute (Conn. Gen. Stat.) § 53a-101 references a "building", the Connecticut courts have held that breaking and entering into a motor vehicle can be considered a burglary. See Conn. Gen. Stat. § 53a-101(a)(defining "building" to include any vehicle). Because the Board of Immigration Appeals ("BIA") has held that burglary of a vehicle does not constitute an aggravated felony burglary offense under section 101(a)(43)(G) of the Act, the Respondent argues that Conn. Gen. Stat. § 53a-101 is divisible. Matter of Perez, 22 I & N Dec. 1325, 1327 (BIA 2000). Similarly, the Respondent argues that Conn. Gen. Stat. § 53a-60 includes offenses involving a reckless *mens rea* and offenses in which the only "physical injury" is merely mental pain. Because the Second Circuit has held that crimes performed with a reckless mental state are not crimes of violence as defined by section 101(a)(43)(F) of the Act, the Respondent argues that Conn. Gen. Stat. § 53a-60 is divisible.

The Respondent states that his criminal record lacks any indication of which section or part of Conn. Gen. Stat. § 53a-101 and Conn. Gen. Stat. § 53a-60 he was convicted under. Specifically, he argues that the Court cannot consider the facts offered by the prosecutor during the plea hearing because the Respondent pled guilty pursuant to the *Alford* Doctrine and did not specifically admit or affirm the facts as recited by the prosecutor. Wala v. Mukasey, 511 F.3d 102, 108-110 (2d cir. 2007). As such, the Respondent argues that he has not been convicted of aggravated felonies and removal proceedings should be terminated.

DHS opposes the Respondent's motion. DHS concedes that both statutes are divisible but

argues that the Court may consider the facts included in the plea transcript as part of the record of conviction when determining whether the Respondent's convictions constitute aggravated felonies.

## III. ANALYSIS

The Respondent's Motion to Terminate is granted because, under Second Circuit precedent, the Court can only consider a recitation of facts included in a plea transcript under the modified categorical approach if the defendant specifically admits or pleads to facts identifying the convictions as aggravated felonies.

### A. The Modified Categorical Approach

When analyzing a particular offense to determine whether it constitutes an aggravated felony, courts apply a "categorical approach" and look only to the statutory definition of the offense; they do not consider the factual circumstances surrounding the particular violation. Taylor v. U.S., 495 U.S. 575 (1990); Dickson v. Ashcroft, 346 F.3d 44, 48 (2d Cir. 2003); Jobson v. Ashcroft, 326 F.3d 367, 371-72 (2d Cir. 2003); Sui v. INS, 250 F.3d 105, 116-18 (2d Cir. 2001); Dalton v. Ashcroft, 257 F.3d 200 (2d Cir. 2001); Michel v. INS, 206 F.3d 253 (2d Cir. 2000). However, where a statute is "divisible," in that it encompasses diverse classes of criminal acts, some of which are grounds for removal and others which are not, courts examine the statute through a "modified categorical approach." Dickson, 346 F.3d at 48; Chang v. INS, 307 F.3d at 1189; Sui v. INS, 250 F.3d at 118; see also Kuhali v. Reno, 266 F.3d 93, 106 (2d Cir. 2001). The "modified categorical approach" allows a court to look beyond the statute, to the record of conviction, for the limited purpose of determining whether the alien's conviction falls under the part of the statute that would render the alien removable. Dickson, 346 F.3d at 48 (citing Kuhali v. Reno, 266 F.3d at 106-07); Matter of Vargas-Sarmiento, 23 I. & N. Dec. 651, 654 (BIA 2004) (where a statute is divisible, it is permissible to refer to the record of conviction for the limited purpose of determining under which part of the divisible statute the respondent has been convicted).

The record of conviction that may be considered under a divisible statute includes 1) an official record of judgment and conviction; 2) an official record of plea, verdict, and sentence; 3) a docket entry from court records that indicates the existence of the conviction; 4) official minutes of a court proceeding or a transcript of a court hearing in which the court takes notice of the existence of the conviction; 5) an abstract of a record of conviction prepared by the court in which the conviction was entered, or by a State official associated with the State's repository of criminal justice records, that indicates the charge or section of law violated, the disposition of the case, the existence and date of conviction, and the sentence; 6) any document or record prepared by, or under the direction of, the court in which the conviction was entered that indicates the existence of a conviction; and 7) any document or record attesting to the conviction that is maintained by an official of a State or Federal penal institution, which is the basis for that institution's authority to assume custody of the individual named in the record. See INA § 240(c)(3)(B); 8 C.F.R. § 1003.41(a); Dickson v. Ashcroft, 346 F.3d at 53; Matter of Vargas-Sarmiento, 23 I. & N. Dec. at 654; Matter of Madrigal, 21 I. & N. Dec. 323, 325-27 (BIA 1996)

(finding the charge, indictment, plea, judgment or verdict, sentence, and transcript from court proceedings as acceptable documents in the record of conviction).

### B. The Respondent's Conviction for Burglary in the First Degree

It is well settled that the definition of a burglary offense under section 101(a)(43)(G) of the Act does not include burglary of a vehicle. Matter of Perez, 22 I & N Dec. 1325, 1327 (BIA 2000). Conn. Gen. Stat. 53a-101(a) states, "[a] person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein..." The statute goes on to expand the meaning of "building" to include its ordinary meaning, as well as any "vehicle." Conn. Gen. Stat. 53a-101(a). Connecticut courts have confirmed that the breaking and entering of a vehicle committed with the intent to commit a crime therein is burglary under Conn. Gen. Stat. 53a-101. *See e.g.*, State v. Godfrey, 39 Conn.App. 1, 2-3 (1995); State v. Adams, 14 Conn.App. 119, 126-7 (1998). As such, Conn. Gen. Stat. 53a-101 is a divisible statute encompassing criminal acts that may or may not constitute an aggravated felony pursuant to INA § 101(a)(43)(G) and thus subject to the modified categorical approach.

### C. The Respondent's Conviction for Assault in the Second Degree

A crime of violence is defined in 18 U.S.C. § 16 as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." It is well settled that offenses that only involve a reckless mental state are not crimes of violence under either subsection of 18 U.S.C. § 16. Jobson v. Ashcroft, 326 F.3d 367, 374 (2d Cir. 2003). Connecticut's second degree assault statute is divided into five sub-sections. Conn. Gen. Stat. 53a-60(1)-(5). Sub-section (3) only requires "reckless" conduct and thus a conviction under sub-section (3) does not support an aggravated felony charge. Because Conn. Gen. Stat. 53a-60 encompasses criminal acts that may not constitute an aggravated felony pursuant to INA §101(a)(G)(F), a conviction for violation of Conn. Gen. Stat. 53a-60 is subject to the modified categorical approach.

### D. The Modified Categorical Approach in the Plea Context

Both the Board of Immigration Appeals ("BIA") and the Second Circuit have considered the modified categorical approach in the plea context. In Matter of Madrigal the BIA held that it would consider statements made during a direct colloquy between a state judge and a defendant in determining whether the alien had been convicted under a portion of a divisible statute that constitutes a removable offense. 21 I & N Dec. 323 (BIA 1996). The BIA affirmed its reasoning

in Matter of Mena that "the consideration of admissions freely made by the respondent himself is far different from the consideration of remarks made by a prosecutor." 17 I&N Dec. 38, 40 (BIA 1979).

In Wala v. Mukasey the Second Circuit held that because the Court cannot adjudicate the facts in a criminal case to determine whether the respondent committed a removable offense, the Court may only consider facts that the Respondent "necessarily pleads to." 511 F.3d 102, 109 (2d Cir. 2007). The Court reasoned that "if the state statute requires no finding of the particular element at issue and there is no charging document that narrows the charge to those limits, the 'only certainty [in a pleaded case] of [that] finding lies in...the defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea.'" Id. at 110 *quoting* Shepard v. United States, 544 U.S. 13, 25 (2005). The Wala court found that where the defendant admitted during the plea colloquy to taking "two rings," "official jewelry," "a first union credit card," and "two watches" from the victim's home he "actually admitted" to facts establishing that he was convicted of a burglary with the intent to commit larceny. Wala v. Mukasey, 511 F.3d at 109. However, the defendant did not admit to taking these items with the intent to appropriate them permanently as required to constitute a crime involving moral turpitude. Id. Therefore, because the defendant did not "admit to, was not charged with, and was not required to plead to a permanent taking in order to be convicted in Connecticut of burglary in the third degree," his guilty plea did not "did not necessarily rest on facts identifying the burglary as a crime involving moral turpitude." Id. at 109-110.

Under the modified categorical approach, the issue before the Court is whether the Respondent pleaded to those facts necessary to establish that he violated Conn. Gen. Stat. 53a-101 and 53a-60 in a manner that satisfies the grounds for removability. Wala v. Mukasey, 511 F.3d 102 (2d Cir. 2007), *as amended* January 30, 2008; Dulal-Whiteway v. U.S. Dep't of Homeland Sec., 501 F.3d 116, (2d Cir. 2007). The plea transcript includes the prosecutor's recitation of the following facts,

> "the factual basis for the burglary, assault, March 10, 8:45 p.m., Waterbury Police dispatched to 31 Manor Street, found door wide open, complainant was sitting on the couch, large laceration to the forehead. This defendant's father was there, stated that his son Gregory struck the complainant. The defendant had apparently entered into the residence, struck the victim in the head, face area with a shovel causing him to briefly lose consciousness as he fell to the ground." Exhibit 4.

DHS argues that the prosecutor's recitation of the facts included in the plea transcript indicates that the Respondent's burglary offense involved a breaking and entering into a house, not a vehicle. DHS argues further that the assault was committed with an intentional, rather than reckless *mens rea*, because the Respondent "was armed with a deadly weapon or dangerous instrument", a shovel, and the crime resulted in a head injury to the victim.

While the Court agrees with DHS that the recitation of facts made by the state prosecutor included in the plea transcript indicate that the Respondent's crimes constituted aggravated felonies, the Court cannot consider the prosecutor's recitation of the facts under this context. Pursuant to binding Second Circuit precedent, the Court cannot consider facts in the plea transcript that the Respondent did not "necessarily plead to." Wala v. Mukasey, 511 F.3d at 109.

The Second Circuit has held that where a state statute does not require finding a particular element at issue, there are two ways in which the record of conviction can establish that the defendant "necessarily pleaded" to sufficient facts to show which section of a statute he was convicted under. Id. at 110. First, the Court may consider whether the Respondent was "charged" in an information or indictment "with violating a divisible statute in a manner that satisfies the elements of the pertinent removability statute and he pleads guilty" Id. at 108. Likewise, the Court can consider whether the defendant "actually admits specific facts in his plea colloquy" that establish that he violated a divisible statute "in a manner that satisfies the criteria of the pertinent removability statute." Id.

The charging documents do not narrow the scope of the Respondent's burglary and assault convictions, by either alleging specific facts or charging him under specific sub-sections, in such a way that the Court can determine he was convicted of aggravated felonies. In addition to the plea transcript, DHS submitted the information, the order of probation and mittimus.[1] Group Exhibit 3. The order of probation and the mittimus merely list the statutes violated, Conn. Gen. Stat. 53a-101 and 53a-60. Id. The plea transcript and the information, signed by the state court judge and recording the defendant's guilty plea, indicates that the Respondent was specifically charged with violating Conn. Gen. Stat. 53a-101(a)(2). Id. While this is more specific, it does not preclude the possibility that the Respondent was charged with burglary of a vehicle rather than a building in its generic sense. Similarly, these documents merely indicate that the Respondent was charged and convicted of assault pursuant to Conn. Gen. Stat. 53a-60, without any indication whether the assault occurred pursuant to intentional or reckless state of mind.

The Respondent did not actually admit specific facts in his plea colloquy that establish that he violated Conn. Gen. Stat. 53a-101 and 53a-60 in a manner that satisfies the definition of an aggravated felony in sections 101(a)(43)(G) and (F) of the Act. It is clear from the plea transcript that the Respondent plead guilty under the "Alford Doctrine." Exhibit 4. When pleading guilty under the Alford Doctrine a defendant admits that the state has sufficient evidence to convict him at trial, but does not admit to the truth of any particular facts as presented by the state. North Carolina v. Alford, 400 U.S. 25, 37 (1970). Indeed, during the plea colloquy the following exchange took place between the state court judge and the defendant:

> The Court: "You don't agree with all the facts, you agree the state had enough evidence, had you gone to trial and lost, you probably would have been convicted. If convicted, received a more severe sentence. Is that why you plead under the Alford Doctrine?"
>
> The Defendant: "Yes, Your Honor."

There is no question that a guilty plea under the Alford Doctrine constitutes a conviction for immigration purposes. Abimbola v. Ashcroft, 378 F.3d 173 (2d Cir. 2004). Some courts have further stated that the fact that the defendant entered an Alford plea is of no consequence

---

[1] DHS also submitted the Uniform Arrest Report, but this cannot be considered as part of the record of conviction. Matter of Teixeira, 21 I & N Dec. 316 (BIA 1996).

with regard to the use of the modified categorical approach. See United States v. Guerrero-Velasquez, 434 F.3d 1193, 1197 (9th Cir. 2006); Suazo Perez v. Mukasey, 512 F.3d 1222, 1227 (9th Cir. 2008). In Suazo Perez the respondent checked a box in his written plea thereby indicating that he allowed the court to "review the police reports and/or police statement of probable cause supplied by the prosecution to establish a factual basis for the plea." Id. The Ninth Circuit held that the fact that the respondent plead guilty under the Alford Doctrine did not preclude consideration of the police report because the respondent assented to such consideration in his written plea. Id.

As such, there is no question that the Respondent's guilty plea under the Alford Doctrine constitutes a conviction for immigration purposes. However, he plead under the Alford Doctrine and thus did not plea to or admit any of the relevant facts as recounted by the prosecutor in the plea transcript. As discussed above, the other charging documents to not shed any light on whether the Respondent's convictions for burglary and assault constitute aggravated felonies. Unlike Suazo Perez, the Respondent did not assent to the inclusion of the uniform police report as a factual basis for the plea.

The Court finds that the Respondent did not admit to, was not charged with, and was not required to plead to facts indicating he burglarized a building in its generic sense, rather than a vehicle. Similarly, the Court finds that the Respondent did not admit to, was not charged with, and was not required to plead to facts indicating he committed second degree assault with an intentional, rather than reckless, state of mind. Because the record is silent on these two removability elements, the Court is bound by Wala v. Mukasey in finding that the Respondent's conviction for burglary in the first degree and his conviction for assault in the second degree in violation of Conn. Gen. Stats. 53a-101 and 53-60 do not constitute aggravated felonies. Because the charges of removability cannot be sustained, the Court hereby terminates these removal proceedings.

**IT IS HEREBY ORDERED** that Respondent's Motion to Terminate is **GRANTED.**

May 9, 2008
Date

PAUL M. GAGNON
United States Immigration Judge

THE UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
HARTFORD, CONNECTICUT

**IN THE MATTER OF:**

| | | |
|---|---|---|
| **Gregory Matthew DENNIS**<br>**A 41 468 793** | ) | **DETAINED** |
| | ) | |
| **Respondent** | ) | |
| | ) | **In Removal Proceedings** |

**CHARGE:** Immigration and Nationality Act (INA) § 237(a)(2)(A)(iii): An individual who, at any time after admission, has been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act, a law relating to a theft offense or burglary offense for which the term of imprisonment imposed is at least one year;

INA § 237(a)(2)(A)(iii): An individual who, at any time after admission, has been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act, a crime of violence for which the term of imprisonment is at least one year.

**APPLICATION:** Motion to Terminate

**ON BEHALF OF RESPONDENT**
Justin Conlon, Esq.
Law Offices of Michael Boyle
250 State Street, Unit C2
P.O. Box 335
New Haven, CT 06473

**ON BEHALF OF DHS**
Office of the Chief Counsel
Assistant Chief Counsel
450 Main Street, Room 483
Hartford, CT 06103

**ORDER OF THE IMMIGRATION JUDGE**

## I. Procedural History

The Department of Homeland Security (DHS) served the Respondent, Gregory Matthew Dennis, with Notice to Appear (NTA) on March 10, 2008. The NTA alleges: 1) that the Respondent is not a citizen or national of the United States; 2) that he is a native and citizen of Jamaica; 3) that he was admitted to the United States at New York, New York, on or about February 28, 1989, as an

immigrant; 4) that on August 3, 2004, he was convicted in the State of Connecticut Superior Court in Waterbury, Connecticut, for the offense of Burglary in first degree in violation of Connecticut General Statutes 53a-101; and 5) that he was sentenced to ten years in a House of Corrections. Exhibit 1. The NTA consequently charged the Respondent with removability pursuant to § 237(a)(2)(A)(iii), as an individual who, at any time after admission, has been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act, a law relating to a theft offense or burglary offense for which the term of imprisonment imposed is at least one year. Id.

On March 28, 2008, the Respondent filed pleadings, admitting factual allegations one through three, but denied factual allegations four and five, as well as the charge of removability. Exhibit 2. DHS subsequently filed Additional Charges of Inadmissiblity/Deportability, Form I-261, alleging that the Respondent was convicted on August 3, 2004, in the State of Connecticut Superior Court, at Waterbury Connecticut, for the offense of Assault in the second degree, in violation of Connecticut General Statutes Section 53A-60; and that he was sentenced to a term of imprisonment of four years. Exhibit 1A. The I-261 consequently charged the Respondent with removability pursuant to INA § 237(a)(2)(A)(iii), as an individual who, at any time after admission, has been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act, a crime of violence for which the term of imprisonment is at least one year. Id.

On April 9, 2008, the Respondent, through counsel, filed a Motion to Terminate removal proceedings. The Court granted the Respondent's Motion to Terminate on May 9, 2008. DHS reserved appeal.

## II. Bond Determination

An Immigration Judge has bond jurisdiction until an order under 8 C.F.R. §1240 becomes final. See 8 C.F.R. 1236.1(d)(1). An order becomes final upon determination by the BIA or where the time lapsed to seek review with BIA. See INA § 101(a)(47)(B); 8 C.F.R. § 1003.39.

Once an alien has been released from custody for having committed a criminal offense or offenses, that alien is then subject to mandatory detention if he or she is: (1) inadmissible for having committed an offense listed in Section 212(a)(2) of the Act; (2) deportable for having committed an offense listed in Sections 237(a)(2)(A)(ii), 237(a)(2)(A)(iii), 237(a)(2)(B), 237(a)(2)(c) or 237(a)(2)(D) of the Act; (3) deportable under Section 237(a)(2)(A)(I) of the Act, on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least one year; or (4) inadmissible under Section 212(a)(3)(B) or deportable under Section 237(a)(4)(B) of the Act. INA § 236(c)(1)-(2). The Court may not redetermine the conditions of custody where an alien is subject to mandatory detention. See 8 C.F.R. § 1003.19(h)(2)(i)(D) (2006).

While an immigration judge does not have jurisdiction to redetermine the conditions of custody where an individual is subject to mandatory detention, the Court has jurisdiction to determine whether the Respondent is "properly included" in the mandatory detention category.

Matter of Joseph, 22 I & N Dec. 799 (BIA 1999). An individual will be "properly included" unless the Court finds that DHS is substantially unlikely to prevail on charges that the person is removable on one of the grounds listed in INA § 236(c). Id.

## III. Analysis

DHS asserts that the Respondent remains subject to mandatory detention under Section 236(c) of the Act due to his convictions for burglary and second degree assault, which they argue constitute aggravated felonies. Because the Court's May 9, 2008, order granting the Respondent's motion to terminate is not a final administrative order, the Court retains jurisdiction under Matter of Joseph to determine whether the Respondent is properly included within certain regulatory provisions which deprive the Immigration Judge of bond jurisdiction. While the Court granted the Respondent's Motion to Terminate, whether the Respondent's two convictions constitute aggravated felonies presents a close legal question, particularly with regard to the effect of the Respondent's Alford plea on the Court's ability to consider facts discussed in the plea transcript. As such the Court finds it is not substantially unlikely that DHS could establish the charges that subject the Respondent to mandatory detention. Consequently, the Court finds that the Respondent is properly included in the category of individuals subject to mandatory detention for bond purposes.

As the Respondent is subject to mandatory detention under Section 236(c) of the Act, the Immigration Judge is without authority to redetermine the conditions of the Respondent's custody. 8 C.F.R. 1003.19(h)(2)(i)(D).

May 16, 2008
Date

PAUL M. GAGNON
United States Immigration Judge

**CERTIFICATE OF SERVICE**

I hereby certify that upon return of stamped copies from the Court, a copy of the foregoing will served by first class mail, postage pre-paid on ~~July~~ Aug 4, 2008 to:

Office of the U.S. Attorney,
50 Kennedy Plaza, 8th Floor
Providence, RI 02903;

Michael Mukasey, Attorney General
Department of Justice
10th and Constitution, NW
Washington, D.C. 20530;

Julie Myers, Assistant Secretary,
Department of Homeland Security
Immigration and Customs Enforcement
Washington, D.C. 20528

Bruce Chadbourne, District Director;
Department of Homeland Security
Immigration and Customs Enforcement
JFK Federal Building
Boston, MA 02203; and

George Sullivan, Officer in Charge
Immigration and Customs Enforcement
Detention and Removal Operations
450 Main Street, Room 509
Hartford, CT 06103;

Wayne Salisbury, Warden
Donald Wyatt Detention Facility
950 High Street
Central Falls, RI 02863.

Richard K. Corley, w/permission

Richard Corley